## Baker, Appellant, *v.* Manley.

*Equity—Specific performance—Abatement of purchase money.*

A purchaser of a house and lot in a city at an auction sale is not entitled to enforce by a bill in equity a conveyance of the property to himself at an abatement from the purchase money, on the ground that the auctioneer's catalogue gave the dimensions of the lot from an old deed made before the opening of a street had diminished the size of the lot, where it appears that the catalogue gave full details of the boundary streets and the construction of the house and showed a photograph of the premises, and the purchaser does not aver that he had not seen and examined the premises, and there is no evidence of fraud or misrepresentation.

Argued Jan. 10, 1902.   Appeal, No. 217, Jan. T., 1901, by plaintiff, from decree of C. P. No. 2, Phila. Co., March T., 1899, No. 240, dismissing bill in equity in case of William E. Baker v. Robert Manley.   Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ.   Affirmed.

Bill in equity for a specific performance at an abatement of the purchase money.

From the bill it appeared that the plaintiff claimed that he was misled as to the dimensions of a lot bought by him at the corner of Master street and Lancaster avenue by misdescription in the auctioneer's catalogue.   The principal prayer of the bill was as follows:

That defendant be compelled to convey in fee simple to your orator all that certain lot or piece of ground with the messuage or tenement thereon erected, situated on the northerly

side of Master street and the southwesterly side of Lancaster avenue, in the thirty-fourth ward of the city of Philadelphia, beginning at the southwesterly side of Lancaster avenue and northerly side of Master street thence extending westerly along the north side of Master street seventy-eight feet four and one quarter inches, thence northeastwardly forty-nine feet two and three eighths inches to the southwesterly side of Lancaster avenue, thence southeastwardly along the southwesterly side of Lancaster avenue sixty feet eleven and five eighths inches to the place of beginning, or such part of premises described in paragraph one as defendant may now have title to for the consideration which shall be a just and proper proportion of said purchase price, bid at said sale.

SULZBERGER, J., filed an opinion, which was in part as follows:

The plaintiff has no equity.

In January, 1899, more than forty years after the building line of Master street had been legally established, the plaintiff went to Freeman's auction and bought a house situate at the corner of Lancaster avenue and Master street. The auctioneer's catalogue described the lot from the old deed before Master street was opened, but gave full details of the boundary streets and the construction of the house, stating particularly that it has entrances on Lancaster avenue and on Master street; and that " the location at the corner of two main streets is desirable and the saloon enjoys a good run of custom. The oak bar and and wall fixtures are included in the sale." A photograph of the premises was also shown.

The plaintiff does not aver that he had not seen and examined the premises. He merely says that " relying on the description set out in the said catalogue, he bid it up to the sum of $10,000."

This authorizes the inference that he saw and examined the place and knew exactly the thing he was buying, but that in consequence of reading the catalogue he attributed to the size of the place other figures than those produced by exact measurement.

If he had been buying a large tract of land in the country which no eye could take in by merely looking at it, there might

be room for the contention that he was buying on representation of quantity of land.

The remarks of Mr. Justice HUSTON, in Bowman v. Bittenbender, 4 Watts, 290, are pertinent in this case : " The truth is, that in selling a lot in town when the eye sees every part at once, and the streets, lanes and alleys contiguous, the parties may understand when the deed is read whether the description corresponds with the understanding and contract; but when a deed for a tract of land, bounded by twenty courses and distances and corner trees, is read to two common farmers, one of whom is vendor and the other vendee, they do not and cannot tell what precise lands it includes or excludes ; at least, this is often the case."

But even in the case of large tracts, when they are plainly pointed out to the buyer and he sees for himself, the law is : " You have all that was shown to you and intended to be conveyed, all you expected to get or have a right to : " Per HUSTON, J., 4 W. 291.

There being no evidence of fraud or misrepresentation, and the plaintiff being offered the premises just as he saw them, there is absolutely no ground for the interference of equity.

We think that the bill should be dismissed with costs.

*Error assigned* among others was decree dismissing the bill.

*John F. Gorman* and *John G. Johnson,* for appellant.

*Joseph Mellors,* for appellee.

PER CURIAM, June 4, 1902:

The lot which appellant purchased from appellee is situated at the corner of Lancaster avenue and Master street, in the city of Philadelphia, on which are a dwelling and licensed saloon. The presumption surely is that, when the purchaser made his bid for property of this kind, he was familiar with it or had seen it. This presumption is strengthened by his failure to aver in his bill that he had never seen and examined the premises, and becomes conclusive, in the face of the averment in the answer, which he does not attempt to deny, " that he knew all about the property before bidding at the sale." If he wanted

the property, he was, therefore, bound to pay what he bid for it, even if the proper dimensions of the lot were not stated in the advertisement, and his prayer for a conveyance by the appellee, upon payment of abated purchase money, was properly denied.   Decree affirmed and appeal dismissed with costs.